**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:18-cr-00052-LRH-NJK |
| Plaintiff, | **Order** |
| v. | (Docket No. 28) |
| CHRISTOPHER MICHAEL ROBINSON, | |
| Defendant. | |

Pending before the Court is the Government's motion to strike Defendant Christopher Robinson's motion to suppress evidence, or in the alternative, to deny the motion as untimely. Docket No. 28. The Court has considered the Government's motion, Defendant's response, and the Government's reply. Docket Nos. 28, 30, 31. For the reasons stated below, the Court **GRANTS** the Government's motion.

## BACKGROUND

On February 7, 2018, a criminal complaint was filed, charging Defendant with unlawful possession of a destructive device, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. Docket No. 1. On February 9, 2018, at his initial appearance, the Court appointed the Federal Public Defender's Office to represent him. Docket Nos. 4, 6.

On February 21, 2018, Ms. Weksler, Defendant's current attorney, filed her notice of appearance in the instant case. Docket No. 12. On the same date, a grand jury sitting in Las Vegas, Nevada issued an indictment charging Defendant with one count of unlawful possession of a destructive device, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871; and one count of felon in possession of a firearm, in violation of §§ 922(g)(1) and 924(a)(2). Docket No. 13.

On March 1, 2018, Defendant was arraigned on the indictment.  Docket No. 18.  On the same day, the Court issued an order regarding pretrial motions, which set the pretrial motions deadline for March 31, 2018.  Docket No. 19.  Additionally, trial was set for April 24, 2018.  Docket No. 19.

On April 11, 2018, Defendant filed a stipulation to continue the calendar call and trial dates, but not the now-expired pre-trial motion deadlines.  Docket No. 22.  On the same day, United States District Judge Larry R. Hicks granted the stipulation, and the trial date was continued to July 31, 2018.  Docket No. 23.

On July 9, 2018, 100 days after the deadline for filing pre-trial motions and 22 days before trial, Defendant filed a motion to suppress evidence.  Docket No. 25.  On the same day, the Government filed a motion to strike Defendant's motion to suppress, or to deny the motion as untimely.  Docket No. 28.  On July 10, 2018, Defendant filed a response to the Government's motion to strike and on July 11, 2018, the Government filed a reply.  Docket Nos. 29, 30.

The threshold issue the Court must decide is whether good cause exists for the Court to consider Defendant's untimely motion to suppress.

## **DISCUSSION**

Federal Rule of Criminal Procedure 12 provides that certain motions must be made before trial, including motions to suppress evidence.  *See* Fed.R.Crim.P. 12(b)(3)(C).  "The court may ... set a deadline for the parties to make pretrial motions..." Fed.R.Crim.P. 12(c).  Further, if a party "does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely.  But a court may consider the ... request if the party shows good cause." Fed.R.Crim.P. 12(c)(3).

The decision whether to consider a motion that is untimely under Rule 12 lies in the discretion of the district court.  *United States v. Anderson*, 472 F.3d 662, 669 (9th Cir. 2006); *United States v. Tekle*, 329 F.3d 1108, 1113 (9th Cir. 2003).  Defendant bears the burden of showing why the Court should permit a late filing, and must provide a "legitimate explanation" for his failure to comply with pre-trial deadlines.  *United States v. Davis*, 663 F.2d 824, 831 (9th Cir. 1981).

Here, Defendant's counsel claims it was not until after the filing deadline that she became aware Defendant had not slept for over a week due to methamphetamine use at the time of his interrogation. Docket No. 30 at 2; *see also* Docket No. 25 at 14. Defendant further argues that discovery materials were insufficient to question the voluntariness of Defendant's statements. Docket No. 30 at 2. Defendant contends that for these reasons, his counsel did not request a continuance of the pre-trial motion deadline. *Id.*

These reasons do not constitute good cause. The Government disclosed Defendant's criminal history in discovery on March 22, 2018, which included evidence of Defendant's prior substance abuse of methamphetamine. Docket No. 28. Defendant's counsel claims that, when she received Defendant's mental health records on July 2, 2018, (requested on May 24, 2018—almost two months after the filing deadline) she finally questioned the veracity of her client's interrogation statement, "It's been several weeks since I smoked."[1] Docket No. 30 at 2. However, Defendant fails to demonstrate that discovery, disclosed 109 days before Defendant filed the motion to suppress, contained insufficient information for counsel to inquire about Defendant's mental state during his interrogation. As the Government submits, the substance of Defendant's motion to suppress relies on background information that has been available since the beginning of the case. Docket No. 28 at 4-5.

Accordingly, the Court **GRANTS** the Government's motion to strike Defendant's motion to suppress evidence, Docket No. 28. Defendant's motion to suppress evidence, Docket No. 25, is **STRICKEN**.

IT IS SO ORDERED.

DATED: July 13, 2018.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[1] In addition to requesting the mental health record after the pre-trial motion filing deadline, Defendant caused the document's delay by not faxing the signed HIPAA release until approximately 48 days later. Docket No. 31 at 3 n. 2.